[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 7, 1996, this court granted the defendant's application for accelerated rehabilitation on pending criminal charges. As one of the conditions of the two (2) year probation that was part of the approval of the application, the defendant was ordered to have no contact with the alleged victim (hereinafter "Paula D.") of any kind, in person, by mail, by telephone or through a third party.
Subsequently, a labor arbitration (hereinafter "arbitration") commenced in which the defendant is seeking to be reinstated to the position of assistant state's attorney, a position he previously held but from which he was terminated following the incident which allegedly occurred that were the basis of the criminal charges for which the Accelerated Rehabilitation (hereinafter "AR") was granted. CT Page 78
The arbitration hearing is before Attorney Louis Pittocol (hereinafter "Arbitrator"). The defendant has been represented by AFSCME Council 4 Chief Negotiator Joel W. Schweidel (not an attorney) and Senior Assistant State's Attorney Frederick Fawcett, President of Local 1437. The Division of Criminal Justice (hereinafter the "state") has been represented by Attorney Saranne Murray and Executive Assistant State's Attorney John Cronan. The defendant, on the first day of the arbitration, requested that he be allowed to be co-counsel. The arbitrator rejected this request. Thereafter, the defendant released the union and its attorney from their obligation to represent him at the arbitration. In effect, the defendant, Richard Preston (hereinafter also "Preston") is now representing himself, pro se, in this application for modification of the AR condition of no contact with the alleged victim. Preston is seeking an order that will allow him to cross-examine Paula D. at the arbitration.
The state agrees that Preston may be in the room with Paula D. but objects to permitting him to cross-examine her because of her expressed fear of any contact with him and the state's concern that Preston will attempt to intimidate her. In fact, the state has expressed concern that if he is allowed to cross-examine her, she will choose not to testify. The state has no problem with his cross-examining other witnesses, but objects to his cross-examination of this witness and suggests that the attorney for AFSCME would be the appropriate person to do so.
The court heard oral argument on this matter on November 22, 1996 and well as today, and it has read the briefs of the parties in this matter. The court makes the following findings and orders:
 1. Mr. Preston has a constitutional right to represent himself Such right may not be applied selectively such as requiring him to be represented by an attorney during part of the proceeding and permitting him to represent himself during another part of the proceeding.
 2. He has a constitutional right to confront and cross examine witnesses against him. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), a case cited by the state which does hold that a right to employment is a "property right" entitled to constitutional protection. However, the Supreme Court's conclusion that the employee in that case was entitled only to notice and an CT Page 79 opportunity to be heard was in regard only to a pre-termination
hearing not a post termination hearing. That court did address the employee's constitutional rights on a post-termination hearing, but addressed it only on the issue of a delay in the hearing which it found factually not to be in violation of the Constitution. At the very least, that decision does not stand for any limitation of constitutional rights in a post termination hearing. In the arbitration here, the issue concerns a post-termination hearing only. The decision in that case does not bar a person's right to confront and cross-examine witnesses against him. Further, this court agrees with the concurring opinion of Justice Marshall that under the Due Process Clause of the Fourteenth Amendment, "the employee is entitled to an opportunity to test the strength of the evidence by confronting and cross-examining adverse witnesses . . ." at page 508 and the concurring opinion of Justice Brennan which states, inter-alia, at page 511 "when factual disputes are involved, therefore, an employee may deserve a fair opportunity before discharge to produce contrary records or testimony or even to confront an accuser in front of the decision maker." Accordingly, this court finds that Preston does have a constitutional right to confront and cross-examine witnesses against him in the arbitration. Further, that right may not be applied selectively. He has a right to confront and cross-examine all witnesses against him without exception.
Thus, this court is faced with a balancing decision, Preston's right to confront and cross-examine witnesses against him as opposed to the fear and psychological damage that may occur to Paula D. In that respect, the court is also aware of the need to limit judicial intervention in the arbitration.
In the context of the AR conditions, this court cannot deny Preston's right to confront and cross-examine witnesses against him. Accordingly, the conditions are hereby modified so that the defendant, Richard Preston, may have contact with the alleged victim but limited only to cross-examining in the arbitration proceeding. This means no contact with her before or after the actual cross-examination, and all other terms of the no contact condition of the AR remain in full force and effect. This decision is an amendment to the AR conditions only so Preston may be afforded his constitutional rights at the arbitration without violating his probation. If the arbitrator disagrees with the court's decision herein and does not permit such cross-examination, Preston will still have his rights of appeal from the arbitrator's decision. The court is only removing an CT Page 80 impediment originally placed by this court on Preston's right to cross-examine Paula D. in the arbitration. It is now up to the arbitrator to make his own decision on whether to permit this cross-examination. If he permits it, it is up to him as to the manner and procedure he deems appropriate to follow. The court agrees with the state that the arbitrator must be given the latitude to conduct the arbitration as he deems appropriate. The court will note that the use of close circuit television seems to be a reasonable solution to balancing the right of Preston and the concerns of Paul D. However, that is only a comment, not an order or an attempt at judicial intervention.
The conduct of the arbitration is at the discretion of the arbitrator, and now that the court has removed this court's restriction on Preston's constitutional rights, it is the decision of the arbitrator as to the manner in which to proceed.
Rittenband, J.